IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIXIE HIPP,

    Plaintiff,

v.                                                   No. 15-cv-1175 GBW/SMV

CITY OF THE RUIDOSO DOWNS,
GARY L. WILLIAMS, JUDY R. MILLER,
L. DALE PERRY, RONALD RITTER, and
MARGIE R. MORALES,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Compel [Doc. 64], filed October 14, 2016. Plaintiff filed a memorandum in support of her motion on October 14, 2016. [Doc. 65]. Defendant City of Ruidoso Downs responded on October 31, 2016. [Doc. 69]. Plaintiff replied on November 15, 2016. [Doc. 77]. The Court heard argument from the parties at a hearing on the motion on January 3, 2017. Following oral argument, the Court conducted an *in camera* review of the documents requested. Because the *in camera* review revealed no document responsive to Plaintiff's request, the Court will DENY Plaintiff's Motion to Compel.

Plaintiff asserts that her retaliation claim under the New Mexico Whistleblower Protection Act requires her to prove that Defendant City of Ruidoso Downs ("City") or its police chief, Defendant Christopher Rupp, had notice that Plaintiff was disclosed as a witness in a previous case against the City and Mr. Rupp, *Valenzuela v. City of Ruidoso Downs*, 14-cv-0073 RCB/WPL. [Doc. 64] at 2–3. Plaintiff therefore seeks discovery of the billing files and correspondence between Defendant City and attorney Bryan Evans from the *Valenzuela*

litigation.  *Id.*  In response, defense counsel asserts that it reviewed the requested correspondence and billing files and determined that nothing in the materials reviewed "would reflect any communication of any nature to any employee or officer of [Defendant City]" regarding the disclosure of Plaintiff as a witness in the *Valenzuela* litigation.  [Doc. 69] at 2.  Defendant City further offered to submit the *Valenzuela* correspondence and billing files to the Court for *in camera* review.  *Id.* at 3.

At the hearing on January 3, 2017, counsel for Plaintiff stated that he supported Defendant City's offer to submit the *Valenzuela* materials to the Court for *in camera* review. The Court ordered Defendant City to submit the materials, and it did so on January 5, 2017.

Having conducted an *in camera* review of the *Valenzuela* correspondence and billing files submitted by Defendant City of Ruidoso Downs, the Court finds that there is nothing in the files that would tend to show whether or, if so, when any employee or officer of the City of Ruidoso Downs learned that Plaintiff was identified as a witness in the *Valenzuela* litigation. Plaintiff's motion is DENIED.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Compel is **DENIED**.  Each side shall bear its own costs and fees.  *See* Fed. R. Civ. P. 37(a)(5)(B).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**